IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



LEON WASHINGTON,
TDCJ-CID No. 00528549,

    Plaintiff,

v.

BRIAN J. JANOW, *et al.*,

    Defendants.

2:20-CV-118-Z-BR

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 9. Plaintiff filed a Response to the Court's Briefing Order Questionnaire, resulting in supplementation of his claims. ECF No. 15. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff asserts that on July 26, 2019, Defendant Janow made "intimidating threats of use of force, property confiscation, and use of disciplinary" against him. ECF No. 15 at 2. Plaintiff also stated that Defendant Pacheco placed Plaintiff in "extreme fear" by threatening Plaintiff with disciplinary cases and the use of force. *See id.* at 3. Plaintiff states that Defendants Boland and Smith *did* in fact confiscate property, specifically legal documents, that were destroyed during a search and raid of his prison cell. *See id.* However, Plaintiff clearly states that "no defendant ever

wrote a disciplinary nor did [they] gas [Plaintiff], or [forcibly] shave" him. *See id.* at 4. Thus, the only action, other than verbal threats, taken against Plaintiff, was the destruction of a partially prepared civil rights cause of action (legal paperwork) during the search of his cell. *See id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

### ANALYSIS

A claim of verbal abuse and harassment is simply not cognizable in a federal civil rights action. *See Jane Doe 5 v. City of Haltom City*, 106 Fed. Appx. 906, 908 (5th Cir. 2004) ("Verbal sexual harassment does not violate a detainee or inmate's constitutional rights"); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

§ 1983"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983"); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983"). Plaintiff's claim that Defendants threated him with physical violence and forcible shaving and insulted him does not state a constitutional claim and is without arguable basis in law. Plaintiff has failed to state a claim for an Eighth Amendment violation against these Defendants and such claims are **DISMISSED** with prejudice as frivolous.

Plaintiff additionally argues that his partially prepared civil rights cause of action paperwork was destroyed by Defendants during a raid of his cell. *See* ECF No. 15 at 3–4. However, Plaintiff does not assert an access to the courts violation by alleging he was not able to reconstruct or file a subsequent lawsuit against Defendants or other TDCJ officials. He does not assert that he missed crucial deadlines for filing a civil rights complaint. Neither is there any specific monetary injury in the loss of this partially prepared paperwork. Plaintiff does not allege that this property was seized because of any TDCJ policy now subject to challenge. Rather, he argues such destruction of property was merely unauthorized.

An adequate post-deprivation remedy for deprivation of property under color of law eliminates any due process claim under Section 1983, regardless of whether the deprivation is negligent or intentional. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). Under the *Pratt/Hudson* doctrine, a district court may dismiss a loss of property claim and require the plaintiff to pursue state remedies. A plaintiff may pursue a claim under § 1983 only after those remedies are denied on grounds other than the merits of the claim. *See Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983). The burden is on the inmate to show that the post-deprivation remedy is inadequate. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Texas state law allows recovery of monetary damages for loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420–21 (Tex. Civ. App.—San Antonio 1978, no writ) (defining "conversion"). To the extent that Plaintiff alleges Defendants willfully seized property in violation of his rights, there is no indication he has instituted an action in state court to pursue these claims. Thus, Plaintiff's failure to pursue state court remedies renders his section 1983 action frivolous, and his property deprivation claims are **DISMISSED**.

**CONCLUSION**

The Complaint is **DISMISSED**.

**SO ORDERED.**

July 17, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE